Mr. Justice James
delivered the opinion of the court.
This is a suit upon an appeal bond given by the defendants, Latney, Burns and Kilmartin, in the case of an appeal from a judgment of a justice of the peace in a landlord and tenant case. The declaration sets forth that the defendants, by their certain writing obligatory, sealed, &c., acknowledge themselves to be jointly and severally bound to the plaintiff in the sum of $150, conditioned that if the appellant shall prosecute his appeal in this court, and shall pay the said Atwood all intervening damages resulting from waste, and all intervening rents for the premises and costs, in case he shall fail to prosecute his appeal with effect, then the bond shall be discharged.
The declaration then asserts that the appeal was not prosecuted with effect, and that the defendants “did not nor ever would pay the damages and costs.” To that declaration the defendants demurred, on the ground- that there was ho averment of any request or demand made upon the defendants, or either of them, for the payment of the intervening rents, damages and costs. In the court below, the demurrer was held to be frivolous, and, therefore, judgment was rendered for the amount claimed — sixty-two dollars and costs. Whereupon the defendants appealed.
*187 There seems to be a curious want of direct authorities upon this question, but we have looked at it upon principle and we think it is perfectly clear, and there was no room for discussion about it. This was an absolute obligation. The authorities cited applied to cases of guarantee where the object was to fix the liability of the parties, it being collateral, and conditional upon certain other things which were to happen. Here the liability of the surety is absolute, and, although the bond runs in the language of ordinary bonds, it is an undertaking that the principal shall prosecute the appeal with effect, or pay, and the undertaking of the surety is that that shall be done. In all absolute undertakings it is settled that it is entirely unnecessary to allege a demand 'upon the defendant himself or upon the surety before you can bring an action, so that there was no necessity for a demand in order to fix the liability of the surety; his undertaking was absolute. There is in principle no room for doubt about this, and we hold, therefore, that the demurrer was frivolous. The judgment is affirmed.